UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

JAMES K. FIANO,

    Plaintiff,

v.

ENHANCED RECOVERY COMPANY, LLC, AND
JOHN DOE,

    Defendants.

_____/

## COMPLAINT
## JURY DEMAND

1.    Plaintiff alleges violation Telephone Consumer Protection Act, 47 U.S.C §227, *et seq*. ("TCPA") and tort claims.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331. *Mims v. Arrow Fin. Servs. LLC,* 132 S. Ct. 740 (2012); *Mims v. Arrow Fin. Servs. LLC*, 2012 U.S. LEXIS 906 (2012). Venue in this District is proper because Plaintiff resides here and Defendant, ENHANCED RECOVERY COMPANY, LLC, placed telephone calls into this District.

## PARTIES

3. Plaintiff, JAMES K. FIANO, is a natural person and a citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, ENHANCED RECOVERY COMPANY, LLC, ("Enhanced") is a Delaware limited liability company and citizen of the State of Florida with its principal place of business at 8014 Bayberry Road, Jacksonville, Florida 32256.

5. Defendant, Enhanced, is registered with the Florida Department of State Division of Corporations as a foreign limited liability company. Its registered agent for service of process is CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

6. Defendant, Enhanced, is registered with the Florida Office of Financial Regulation as a consumer collection agency.

7. Defendant, JOHN DOE, ("Doe") is Enhanced's client or some other entity whose identity is presently unknown to Plaintiff. Once afforded the right to discovery, Plaintiff will amend his complaint to state Doe's true name.

## FACTUAL ALLEGATIONS

8. Within the last four years, Enhanced, or others acting on its behalf, left pre-recorded messages on Plaintiff's voice mail on his cellular telephone regarding an alleged debt apparently due from a person who is a stranger to Plaintiff.

9. Enhanced, or another party acting on its behalf, placed telephone calls using an automatic telephone dialing system or an artificial or pre-recorded voice to Plaintiff's cellular telephone.

10. Defendant's repeated calls infringed on Plaintiff's privacy and seclusion.

11. Defendant's calls precluded the use of the telephone by other callers.

12. Enhanced failed to determine the identity of the cellular telephone subscriber prior to placing automated calls to Plaintiff's cellular service.

13. Enhanced failed to determine the status of Plaintiff's telephone service as cellular service before placing automated calls.

14. Enhanced willfully or knowingly violated the TCPA.

15. None of Enhanced's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

16. Defendant, Doe, provided Enhanced with Plaintiff's cellular telephone number indicating that it belonged to someone other than Plaintiff.

17. Doe's provision of Plaintiff's telephone number to Enhanced was wrongful.

18. As a result Doe's wrongful act, Plaintiff has incurred attorneys fees and costs in protecting his interests against Enhanced and subsequently bringing suit against Enhanced for violation of the TCPA.

19. Pursuant to the Wrongful Act Doctrine, Doe is responsible for Plaintiff's attorney fees and costs. *James Ventures, L.P. v. Timco Aviation Servs.*, 403 Fed. Appx. 425 (11th Cir. Fla. 2010).

20. Doe misrepresented Plaintiff's cellular telephone number as belonging to someone other than Plaintiff, and knew or should have known otherwise.

21. Doe intended Enhanced to act upon its provision of Plaintiff's telephone number by placing calls to that number.

22. Plaintiff incurred damages including attorneys fees and costs as a result of the negligence of Doe.

## COUNT I
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT AGAINST ENHANCED

23. Plaintiff incorporates Paragraphs 1 through 22.

24. Defendant, Enhanced, or others acting on its behalf, placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Enhanced for:

    a. Damages;

    b. a declaration that Defendant calls violate the TCPA;

    c.    a permanent injunction prohibiting Enhanced from placing non-emergency calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice; and

    d.    Such other or further relief as the Court deems proper.

## COUNT II
## WRONGFUL ACT AGAINST JOHN DOE

25. Plaintiff incorporates Paragraphs 1 through 22.

26. Doe wrongfully provided Enhanced with Plaintiff's cellular telephone number representing it as the telephone number of some other person.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Doe for:

    a.    Damages;

    b.    attorneys fees and costs; and

    c.    Such other or further relief as the Court deems proper.

## COUNT III
## NEGLIGENT MISREPRESENTATION AGAINST JOHN DOE

27. Plaintiff incorporates Paragraphs 1 through 22.

28. Doe provided Enhanced with Plaintiff's cellular telephone number representing it as the telephone number of some other person when it knew or should have known that its representation was false and Plaintiff incurred attorney fees and costs as a result thereof.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Doe for:

    a.    Damages;

    b.    attorneys fees and costs; and

    c.    Such other or further relief as the Court deems proper.

## **JURY DEMAND**

Plaintiff demands trial by jury.

                  DONALD A. YARBROUGH, ESQ.
                  Attorney for Plaintiff
                  Post Office Box 11842
                  Ft. Lauderdale, FL 33339
                  Telephone: 954-537-2000
                  Facsimile: 954-566-2235
                  don@donyarbrough.com


              By: s/ Donald A. Yarbrough
                  Donald A. Yarbrough, Esq.
                  Florida Bar No. 0158658